(Pleito No. 59.—Fallado el 21 de Junio de 1900.)

El Registrador de la Propiedad contra Cortada.

Recurso contra sentencia dictada por el Tribunal de Distrito de Ponce.

Poderes. Un poder que autoriza á una persona á percibir cantidades de dinero á nombre de su poderdante, así como para otorgar cancelaciones, escrituras y demás documentos que fueran del caso, también autoriza á dicho apoderado para otorgar cartas de pago ; y el Registrador de la Propiedad deberá anotarlas de acuerdo con lo preceptuado por la ley.

RESOLUCIÓN.

Puerto Rico, veinte y uno de Junio de mil novecientos.— Visto el presente recurso gubernativo, interpuesto ante el Tribunal de Distrito de Ponce, por el Licenciado Don José de Guzmán Benítez, á nombre de Don Ramón Cortada y Quintana, contra la negativa del Registrador de la Propiedad de aquel Distrito, á cancelar un crédito hipotecario, y pendiente ante Nos á virtud de la apelación interpuesta por el expresado Registrador, contra la resolución dictada por el referido Tribunal en veinte y tres de Abril último, por la

que se revoca la nota denegatoria puesta por aquél, al pie de la carta de pago, y se le ordena que proceda á la cancelación de la parte del crédito hipotecario de que se trata.—Resultando de la carta de pago y cancelación que ha dado lugar al presente recurso, que por escritura pública otorgada en la Ciudad de Ponce ante el Notario de la misma, Don Rafael León y Paz, en diez y ocho de Enero último, por Doña Asunción Torruella y Rivera y Don Lucas Pérez Valdivieso y Torruella, por una parte, y por la otra Don Ramón Cortada y Quintana, la primera y el último por su propio derecho, y el segundo como apoderado de Doña María de los Dolores Rodríguez y Hurtado, según el poder que le otorgara en la Villa y Corte de Madrid en veinte y siete de Abril de mil ochocientos noventa y siete por el que ratificando y confirmando en todas sus partes el que le confiriera en la misma Villa y Corte y ante el propio Notario, en treinta de Julio del año anterior, lo autorizó además para reclamar, percibir y cobrar de quien y donde correspondiera, todos los valores cotizables, valores de comercio y cualesquier créditos y efectos; y en general todas las cantidades de dinero ó de otra especie que acreditaba ó en lo sucesivo acreditase la señora otorgante por cualquier título y especialmente con motivo de las sucesiones de los Sres. Don Vicente y Don Antonio Pérez Valdivieso y Hurtado; para que igualmente pudiera reclamar y percibir las alhajas, otros objetos preciosos, objetos de arte, mobiliario y demás bienes muebles, á que tuviese derecho la señora otorgante; para que en razón de todas y cada una de las facultades comprendidas en el expresado mandato ó en el mencionado de treinta de Julio, pudiera el Sr. Don Lucas Pérez Valdivieso otorgar y firmar las correspondientes cartas de pago, cancelaciones, escrituras y demás documentos públicos y privados que fueren del caso, con los pactos, condiciones, renuncias, salvedades, cláusulas y requisitos prescritos por las leyes y que considere oportunos el mismo mandatario; y asegurando el expresado Pérez Valdivieso no estarle suspenso ni limitado el expresado

poder, antes al contrario, ampliado con recientes instrucciones recibidas de su poderdante, expusieron los comparecientes que por escritura otorgada en la misma Ciudad de Ponce, en veinte y tres de Marzo de mil ochocientos noventa y tres, había declarado Don Ramón Cortada y Quintana estar adeudando, entre otros acreedores, al que en vida fué Don Joaquín Pérez Valdivieso y Hurtado, la suma de doce mil doscientos quince pesos quince centavos, que se obligó á satisfacerle en el término de tres años, y por terceras partes, sin intereses ó sea á razón de cinco mil setenta y un pesos setenta y dos y dos tercios centavos, en cada día veinte y tres de Marzo de los años mil ochocientos noventa y cuatro, noventa y cinco y noventa y seis, hipotecándole en garantía de esa suma y de los demás acreedores, una estancia de su propiedad, denominada "Raíces", sita en el barrio del mismo nombre de aquel término municipal; que por otra escritura otorgada también en Ponce y ante el propio fedatario, en diez y nueve de Febrero de mil ochocientos noventa y seis, se disolvió la sociedad civil que tenían constituída Don Joaquín y Don Luis Pérez Valdivieso y Hurtado, distribuyéndose los bienes sociales y estableciéndose que de los quince mil doscientos quince pesos doce centavos del crédito que pertenecía á Don Joaquín Pérez Valdivieso, se adjudicaban diez mil ochocientos cuarenta y dos pesos sesenta y cinco centavos á Don Vicente, de los mismos apellidos, con derecho á cobrarlos por terceras partes y en los propios plazos que para el pago de la totalidad se habían fijado al constituir el crédito; y los cuatro mil trescientos setenta y dos pesos cuarenta y siete centavos restantes, con derecho á cobrarlos en los mismos plazos, á Don Luis Pérez Valdivieso; que al practicarse las operaciones testamentarias de Don Vicente Pérez Valdivieso, que se hallaban protocoladas en la misma Notaría del Notario autorizante, en nueve de Junio de mil ochocientos noventa y siete, se adjudicaron del crédito de referencia al que en vida fué Don Luis Pérez Valdivieso cinco mil cuatrocientos veinte y un pesos treinta y

dos y medio centavos, y los cinco mil cuatrocientos veinte y un pesos treinta y dos y medio centavos restantes á Doña Dolores Rodríguez y Hurtado, legítima esposa de Don Vicente Larroche ; que al practicarse las operaciones testamentarias de Don Luis Perez Valdivieso que se hallaban igualmente protocoladas en la misma Notaría el diez y siete de Octubre de mil ochocientos noventa y nueve, se adjudicaron á su viuda Doña Asunción Torruellas y Rivera, en parte de pago de su haber, la participación pro-indivisa del crédito que correspondía á su difunto esposo contra Don Ramón Cortada y Quintana, ascendente á nueve mil setecientos noventa y tres pesos sesenta y dos y medio centavos; que de todos los antecedentes expuestos se venía en convencimiento que el crédito de quince mil doscientos quince pesos doce centavos que en su origen pertenecía á Don Joaquín Pérez Valdivieso y Hurtado, correspondía en la fecha de la escritura de referencia á Doña Dolores Rodríguez y Hurtado, por herencia de Don Vicente Pérez Valdivieso, cinco mil cuatrocientos veinte y un pesos treinta y dos y medio centavos, y los nueve mil setecientos noventa y tres pesos sesenta y nueve y medio centavos restantes, de la compareciente Doña Asunción Torruella, y Rivera, en su carácter de viuda de Don Luis Pérez Valdivieso ; que vencidos los plazos de la hipoteca señalada, pretendió el deudor Don Ramón Cortada y Quintana pagar el capital, pero sin intereses, y como los acreedores no estuvieran conformes, fué consignado el principal en el establecimiento *ad hoc* y se promovió un litigio que, seguido por todos sus trámites, se falló en segunda instancia por la Sala de Justicia de la extinguida Audiéncia Territorial de esta Isla, en nueve de Agosto de mil ochocientos noventa y ocho, revocándose la sentencia del inferior, declarando con lugar la demanda y condenando, en su consecuencia, á la parte demandada á recibir en pago de crédito hipotecario los quince mil doscientos quince pesos 12 centavos á que ascendía la deuda, sin intereses, y á abonar al actor los gastos verificados para ofrecer á Don Luis Pérez Valdi-

vieso y consignar la cantidad adeudada con la obligación además de otorgar al Cortada escritura de recibo de dicha cantidad y cancelar la hipoteca constituída sobre la finca "Raíces", contra cuyo fallo se interpuso recurso de casación por la sucesión de Don Luis Pérez Valdivieso, que fué desestimado, con las costas; que requeridos Doña Asunción Torruellas y Rivera, viuda de Valdivieso, y Don Lucas Pérez Valdivieso, en su concepto de apoderado de Doña Dolores Rodríguez y Hurtado, como dueñas del crédito hipotecario, que por la expresada suma de quince mil doscientos quince pesos doce centavos constituyó Don Ramón Cortada á favor de Don Joaquín Pérez Valdivieso, para otorgar la escritura de recibo de la cantidad consignada y cancelación de la hipoteca, como manifestara la primera su conformidad, se dispuso por providencia de la Sala se pasaran los autos al Notario autorizante con aquel objeto, como así se verificó, y en su consecuencia otorgaron los comparecientes la escritura de cancelación bajo las cláusulas siguientes:   1º Que Doña Asunción Torruella y Rivera y Don Lucas Pérez Valdivieso, en sus respectivas representaciones, y en cumplimiento de lo acordado en la setencia de 9 de Agosto de 1898, y como dueños que eran del crédito hipotecario que, por quince mil doscientos quince pesos doce centavos, correspondió á Don Joaquín Pérez Valdivieso y Hurtado, otorgaban á favor de Don Ramón Cortada y Quintana carta de pago por la expresada cantidad, queriendo y consintiendo que se cancelase totalmente, en cuanto aquella suma, la inscripción que de la hipoteca se había hecho en el Registro de la Propiedad. 2º   Que en virtud de lo expuesto, el Don Ramón Cortada entregaba en el acto á los otros comparecientes, Doña Asunción Torruellas y Don Lucas Pérez Valdivieso, una carta de pago correspondiente al cargaréme número 2º, por la suma de quince mil doscientos quince pesos doce centavos, expedida en aquella Ciudad el cuatro de Septiembre de mil ochocientos noventa y seis, por Don Luis de Sanquírico y Ayera, Jefe de Negociado de 1ª clase y Administrador

Local de Rentas y. Aduanas de aquel Distrito.—3º Que la entrega que hacía el Sr. Cortada de la carta de pago á que se refería la cláusula anterior era con el objeto de que la Doña Asunción Torruella y Rivera y Doña María de los Dolores Rodríguez y Hurtado, como actuales dueñas del crédito hipotecario de referencia, hicieran por sí ó por conducto de las personas que creyeran convenientes, la reclamación que juzgaran pertinente ante el Tribunal. correspondiente, hasta que les fuera devuelta la cantidad que se consignara por virtud del cargaréme de que se había hecho mención; manifestando por último, el compareciente Don Lucas Pérez Valdivieso, que en virtud de acatamiento á lo dispuesto por orden del Tribunal, era que había otorgado la presente escritura, pero que para poner á salvo los derechos que pertenecieran á su poderdante Doña María de los Dolores Rodríguez y Hurtado, en la herencia de Don Vicente Pérez Valdivieso, reservaba á favor de su mandante los derechos que le correspondieran para hacer efectivo de los demás coherederos el importe de la carta de pago y cancelación, por si y en virtud de cualquier circunstancia no percibiese con la prontitud que á sus intereses conviniera, esa cantidad del depósito consignado en las arcas del Tesoro de esta Isla, en cuatro de Septiembre de mil ochocientos noventa y y seis.—Resultando: Que presentada esta escritura al Registrador de la Propiedad de Ponce para la cancelación de la hipoteca, así lo hizo respecto á la parte del crédito que correspondía á Doña Asunción Torruella y Rivera, pero no respecto á la otra parte de Doña María de los Dolores Rodríguez, por carecer el apoderado de ésta, Don Lucas Pérez Valdivieso, de facultades para otorgarla en la forma consignada en la carta de pago, según nota que puso al pie del documento de referencia.—Resultando: Que contra esta calificación del Registrador interpuso en ocho de Febrero último el Lcdo. Don José de Guzmán Benítez, á nombre de Don Ramón Cortada y Quintana, el presente recurso gubernativo ante el Tribunal de Distrito de Ponce,

para que se revocara la nota denegatoria de la cancelación pretendida y se le ordenara al Registrador la llevara á efecto, fundándose en que siendo el heredero la continuación de la persona jurídica de su causante, Doña Dolores Rodríguez estaba obligada á cancelar el crédito que adquirió de Don Luis Pérez Valdivieso, en concepto de heredera de Don Vicente Pérez Valdivieso, quien á su vez la adquirió de Don Joaquín de los mismos apellidos; que si el causante fué condenado á otorgar la carta de pago y recibo y cancelación del crédito hipotecario, en virtud de la consignación hecha por Don Ramón Cortada, la causahabiente no podía nunca esquivar el cumplimiento de los deberes que á dicho causante imponía una sentencia ejecutoria; que debiendo forzosamente cumplirse por la Sra. Rodríguez lo ordenado en la referida sentencia, y tratándose de una adjudicación obtenida en la herencia de Don Vicente Pérez Valdivieso, ningún poder más adecuado para otorgar la cancelación, que aquél que especialmente facultaba al mandatario, para liquidar, cobrar y percibir dichos bienes hereditarios y otorgar cartas de pago y cancelación, en todo lo que á la mandante pudiera corresponderle por tal concepto; y por último, que habiendo entregado el Sr. Cortada al apoderado Don Lucas la carta de pago con la cual éste había de hacer efectiva la cantidad por la que había dado recibo, y cancelada, era lógico que ya había cobrado y percibido aquella suma en la forma y modo dispuesto en la sentencia de cuya ejecución trataba, y habiendo tenido facultades para cobrar, como había cobrado, debían reconocerle asimismo para cancelar en virtud de los conceptos claros y precisos del poder que había utilizado.—Resultando: Que pedido informe al Registrador de la Propiedad de Ponce, lo evacuó éste insistiendo en su calificación y pidiendo la confirmación de su nota denegatoria, alegando á su vez que Doña Dolores Rodríguez no había sido parte en el pleito con Don Ramón Cortada, y no la obligaba por consiguiente la sentencia que en él se había dictado; que aún habiéndolo sido, no estuvo

representada en él por su apoderado Don Lucas Pérez Valdivieso, ni pudiera estarlo, por carecer éste de facultades para pleito; que en todo caso era ineficaz la cancelación por estar limitadas aquellas facultades al cobro de lo adeudado á la mandante, y no resultaba que el mandatario hubiese cobrado; y por último, que Don Lucas Pérez Valdivieso había obrado sin instrucciones de Doña Dolores Rodríguez. —Resultando: Que en veinte y tres de Abril último dictó resolución el Tribunal de Distrito de Ponce, revocando la nota denegatoria puesta por el Registrador de la Propiedad al pie de la escritura de cancelación, declarándola inscribible, y que en su consecuencia debía procederse por dicho funcionario á la cancelación de la parte del crédito hipotecario correspondiente á Doña Dolores Rodríguez Hurtado, por ser bastante el poder en cuya virtud se había otorgado el documento, fundándose sustancialmente en las mismas razones alegadas por el recurrente, ampliándolas en el sentido de que los reparos puestos por el Registrador bajo los números 1º y 2º de su informe carecían de eficacia porque de admitirse como buenos, se vendría á reconocer á dicho funcionario la potestad de calificar los fundamentos de una resolución judicial pasada en autoridad de cosa juzgada, lo que está fuera de sus atribuciones, y limitadas en este caso concreto á examinar si se han cumplido las reglas del procedimiento, siendo indiferentes después de todo dichos defectos, pues subrogada Doña María de los Dolores en el lugar de Don Luis Pérez Valdivieso, como dueña de parte del crédito hipotecario, tenía capacidad bastante para todos los efectos del cumplimiento de la sentencia y por último, que extinguido como estaba el derecho inscrito, por virtud de la declaración judicial que tuvo por bien hechos el ofrecimiento y consignación de la deuda, y mandada cancelar en la sentencia ejecutoria, era notorio que no había términos hábiles para dejar de verificar la cancelación de dicho crédito hipotecario, cualesquiera que fueran los actuales dueños del mismo, por estar impuesta por Ministerio

de la Ley, como consecuencia necesaria de la extinción de la obligación principal, mediante el pago de la misma.— Resultando : Que notificada esta resolución al Registrador de la Propiedad, sustituto, de Ponce, apeló de ella, y que elevado el expediente á esta Superioridad, se ha dado cuenta al Tribunal para la resolución del recurso, con arreglo á la Orden General número 99 de treinta de Abril último.— Vistos los artículos 18, 82 y 100 de la Ley Hipotecaria vigente en esta Isla, y el 1,727 del nuevo Código Civil.— Considerando : Que atendidos los términos en que aparece extendida la nota puesta por el Registrador de la Propiedad de Ponce al pie de la carta de pago que motiva el presente recurso, y por la que se deniega la cancelación de la parte del crédito correspondiente á Doña María de los Dolores Rodríguez y Hurtado, por carecer el apoderado de ésta, Don Luis Pérez Valdivieso y Torruella, de facultades para otorgarla ,en la forma consignada en aquel documento, la cuestión que en este recurso se ventila queda reducida á determinar si es ó no exacta la calificación hecha por el Registrador de la capacidad de Don Lucas Pérez Valdivieso, para otorgar, con las cláusulas con que aparece extendida la carta de pago y cancelación de que se trata, en su concepto de apoderado de Doña María de los Dolores Rodríguez y Hurtado.— Considerando : Que para dilucidar convenientemente esta cuestión, se hace necesario examinar las facultades conferidas al apoderado Sr. Pérez Valdivieso por la expresada Doña María en el poder que le otorgara ésta, en Madrid á veinte y siete de Abril de mil ochocientos noventa y siete, que obra inserto en la escritura de referencia, y que estando autorizado por dicha Sra. para reclamar, percibir y cobrar todos sus créditos y en general cuantas cantidades de dinero y otras especies le correspondieran por cualquier título y especialmente con motivo de las sucesiones de Don Vicente y Don Antonio Pérez Valdivieso, y en razón de todas y cada una de las facultades que le confería en el expresado poder y en el anterior, que le había otor-

gado en treinta de Julio de mil ochocientos noventa y seis, cuyas circunstancias no constan, para que pudiera otorgar las correspondientes cartas de pago, cancelaciones, escrituras y demás documentos públicos y privados que fueran del caso, con los pactos, condiciones, renuncias, salvedades, cláusulas y requisitos prescritos por las leyes, y que considerara oportunos el mismo mandatario, es evidente que, apreciadas en conjunto las facultades conferidas al expresado Sr. Pérez Valdivieso en el ante citado poder, no deben entenderse limitadas exclusivamente para percibir y cobrar y dar cartas de pago de lo percibido y cobrado, sino en sentido más amplio, toda vez que al autorizarlo expresamente para percibir y cobrar todos sus créditos, y en razón á estas facultades, para otorgar toda clase de documentos con los pactos, cláusulas y condiciones que juzgara convenientes, se deduce claramente que la intención de la expresada señora fué la de autorizar á su mandatario para que en la liquidación de sus créditos que le había confiado, entre los que se contaba el que le correspondía con motivo de la sucesión de Don Vicente Pérez Valdivieso, procediera con las más amplias facultades, á cuyo efecto pudiera otorgar toda clase de documentos, con los pactos y condiciones que le parecieran más convenientes, cláusula esta última que holgaría completamente en el expresado poder si la voluntad de la señora otorgante hubiera sido la de restringir la facultad de su apoderado tan sólo para recibir y cobrar y dar cartas de pago de lo recibido y cobrado; y por consiguiente que al expedir Don Lucas Pérez Valdivieso á Don Ramón Cortada la carta de pago y cancelación de la parte del crédito que á su poderdante correspondía, por herencia de Don Vicente Pérez Valdivieso, y que en su origen había pertenecido á su hermano Don Joaquín, recibiendo de aquél en el acto del otorgamiento el documento del resguardo que le había expedido la Administración de Rentas y Aduana de Ponce, al recibir en depósito los quince mil doscientos quince pesos doce centavos,

á que ascendía el crédito expresado, para que en unión de la otra partícipe Doña Asunción Torruella y Rivera, lo hicieran efectivo, procedió dicho apoderado dentro del círculo de sus atribuciones y realizó un acto válido y obligatorio para su poderdante dentro de las prescripciones del artículo 1,727 del nuevo Código Civil.—Considerando: Que definida en estos términos la cuestión planteada por el Registrador de la Propiedad de Ponce, sobre la capacidad del apoderado Don Lucas Pérez Valdivieso, para otorgar la carta de pago de que se trata, resultaría ocioso entrar á resolver la otra cuestión surgida incidentalmente en el curso del debate relativa á si fué ó no parte Doña María de los Dolores Rodríguez en el pleito seguido por Cortada contra Don Luis Pérez Valdivieso, y si en su consecuencia le obliga ó no la sentencia en él recaída, porque habiéndose allanado á su cumplimiento el apoderado Pérez Valdivieso, y declarádose que no traspasó el límite de las atribuciones de que estaba investido por su poderdante, la validez y eficacia de la carta de pago, como documento obligatorio para Doña María de los Dolores Rodríguez, no puede discutirse, á reserva de las acciones que á esta señora pudieran corresponderle contra su apoderado, si por malicia ó negligencia de éste se le originaran algunos perjuicios en sus intereses.— Considerando: Que por todas las razones expuestas la carta de pago de que se trata reune los requisitos que exige el artículo 82 de la Ley Hipotecaria, para la cancelación de la parte del crédito perteneciente á Doña María de los Dolores Rodríguez.—Se confirma la resolución apelada del Tribunal del Distrito de Ponce, de veinte y tres de Abril último, por la que se revoca la nota denegatoria puesta por el Registrador de la Propiedad de aquel partido, al pie de la escritura de cancelación de diez y ocho de enero último, la que se declara inscribible, debiendo en su consecuencia procederse por dicho funcionario á la cancelación de la parte del crédito hipotecario correspondiente á Doña María de los Dolores Rodríguez y Hurtado.   Y con de-

volución del expediente original del recurso, remítase copia certificada de la presente resolución, que se publicará en la *Gaceta Oficial,* al referido Tribunal de Ponce, para la notificación de los interesados y demás efectos procedentes.—Lo acordaron y firman los Sres. del Tribunal, certifico.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras.—Rafael Nieto Abeillé.—Juan Morera Martínez.—E. de J. López Gaztambide, *Secretario.*